1  Milord A. Keshishian, SBN 197835
   milord@milordlaw.com
2  J. Nicolas Anwandter, SBN 294677
   nico@milordlaw.com
3  MILORD & ASSOCIATES, P.C.
   10517 West Pico Boulevard
4  Los Angeles, California 90064
   Tel: (310) 226-7878
5  Fax: (310) 226-7879

6

7  Attorneys for Plaintiff
   LA GEM & JEWELRY DESIGN, INC.

8

9                  UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11

12 | LA GEM & JEWELRY DESIGN,        ) Case No.:  2:17-cv-01750-PSG (GJSx)
   | INC., a California Corporation dba LA )
13 | ROCKS,                           ) *Assigned to the Hon. Philip S. Gutierrez*
14 |                                  )
   |          Plaintiff,              ) **PLAINTIFF LA GEM'S NOTICE**
15 |                                  ) **OF MOTION AND MOTION TO (1)**
16 |                                  ) **CONTINUE SERVICE DEADLINE**
   |                                  ) **AND (2) AUTHORIZE**
17 |          vs.                     ) **ALTERNATE SERVICE OF**
18 |                                  ) **COMPLAINT BY ELECTRONIC**
19 | BETH MACRI DESIGNS LLC, a New ) **MAIL AND SERVICE ON**
20 | York company; and DOES 1-10      ) **GARRETT M. SMITH, ESQ.;**
   |                                  ) **DECLARATION OF MILORD A.**
21 | Defendants.                      ) **KESHISHIAN; REQUEST FOR**
22 |                                  ) **JUDICIAL NOTICE AND**
23 |                                  ) **[PROPOSED] ORDER**
   |                                  )
24 |                                  ) Hearing Date:  June 26, 2017
25 |                                  ) Time:  1:30 p.m.
   |                                  ) Courtroom:  6A
26 |                                  )
27 |                                  ) Action Filed:  March 3, 2017

28

-i-
**PLAINTIFF'S MOTION TO CONTINUE SERVICE DEADLINE**
**AND AUTHORIZE ALTERNATE SERVICE**

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on June 26, 2017 at 1:30 p.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 350 West First Street, Courtroom 6A, Los Angeles, CA 90012, before Hon. Philip S. Gutierrez, Plaintiff L.A. Gem & Jewelry Design, Inc. ("LA Gem") will and hereby does move the Court for an order continuing the service deadline by sixty (60) days from June 1, 2017 to July 31, 2017, and authorizing Plaintiff to serve the Summons and Complaint on Defendant Beth Macri Designs, LLC ("Defendant") by alternative means, as authorized by Fed. Rules Civ. Proc., rule 4(e)(1), by electronic mail and service to Garrett M. Smith, Esq.

As specified in the accompanying Memorandum of Points and Authorities, the federal rules authorize this Court to direct service by alternative means upon individuals within a judicial district of the United States if the circumstances necessitate intervention.  Here, Defendant has actual notice of this suit but is purposely evading service of process.  Plaintiff has exercised reasonable diligence to locate Defendant, and the alternative forms of service satisfy Constitutional standards.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the accompanying declarations, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated:  May 17, 2017                                Respectfully submitted,

                                                    **MILORD & ASSOCIATES, P.C.**
                                                    /s/ Milord A. Keshishian
                                                    Milord A. Keshishian
                                                    Attorney for Plaintiff
                                                    L.A. GEM & JEWELRY DESIGN, INC.

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

**PLAINTIFF'S MOTION TO CONTINUE SERVICE DEADLINE
AND AUTHORIZE ALTERNATE SERVICE**

**INTRODUCTION**

Plaintiff L.A. Gem & Jewelry Design, Inc. ("LA Gem") moves for an Order permitting service of the Summons and Complaint on Defendant Beth Macri LLC ("Defendant") by alternative means, as authorized by Fed. R. Civ. Proc. 4(e)(1) and Cal. Code Civ. Proc. §§ 413.30 and 415.50, by electronic mail.  This motion should be granted on the grounds that:

- Defendant has actual notice of this suit;

- Defendant is purposely evading service of process;

- Plaintiff has exercised reasonable diligence to locate Defendant;

- The California Code of Civil Procedure permits alternate means of service of process, at the direction of the court, because the circumstances of the present case necessitate intervention; and

- The alternative forms of service satisfy Constitutional standards.

Thus, LA Gem respectfully requests an order permitting service of the Summons and Complaint to the Defendant by electronic mail service to Defendant, as well as service by mail and email to Defendant's attorney Garrett M. Smith.

**I.   FACTUAL BACKGROUND**

On March 3, 2017, LA Gem commenced this suit against Defendant for: (1) Declaration of Non-Infringement, Invalidity, and Unenforceability of Trademark; (2) Cancellation of Trademark Registration; (3) Trade Libel and Product Disparagement; (4) Intentional Interference with Prospective Economic Advantage; and (5) Negligent Interference with Prospective Economic Advantage.  LA Gem filed the complaint based on Defendant's cease and desist demand to Amazon.com, Inc. ("Amazon").  Specifically, Defendant, through its counsel Garrett M. Smith of Hoffman Warnick LLC, issued a takedown notice to Amazon, accusing LA Gem's products of infringing Defendant's

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

-1-
**PLAINTIFF'S MOTION TO CONTINUE SERVICE DEADLINE
AND AUTHORIZE ALTERNATE SERVICE**

1   purported trademark in the generic "HIDDEN MESSAGE" phrase.  Mr. Smith listed

2   himself as the point of contact for counter-notifications.

3   LA Gem thereafter took steps to serve Defendant with a copy of the Summons and

4   Complaint.  However, Defendant has evaded service of process for nearly two months.

5   LA Gem has made reasonable and diligent attempts to serve Defendant by personal and

6   mail service, and through Defendant's known counsel in this matter, but LA Gem has not

7   been successful in completing service.  LA Gem's reasonable and diligent efforts are set

8   forth below:

9   Since LA Gem filed suit based on Mr. Smith's improper takedown notice to

10  Amazon, LA Gem transmitted via email a courtesy copy of the Summons and Complaint

11  to Mr. Smith on March 3, 2017, requesting that Mr. Smith confirm by March 7 that he

12  would accept service of process for Defendant.  Mr. Smith did not respond, and LA Gem

13  took steps to personally serve Defendant.  Declaration of Milord A. Keshishian

14  ("Keshishian Decl.") ¶ 4, Exhibit A – March 3, 2017 Email to Garrett M. Smith.

15  On March 17, 2017, LA Gem's Process Server made two attempts to personally

16  serve Defendant at the address of the agent designated in Defendant's filings with the

17  New York Secretary of State.  On the first attempt, the Process Server was unable to gain

18  entry to the apartment building because Defendant would not answer the intercom.  On

19  the second attempt, another resident of the building granted the Process Server access to

20  the building, and Defendant's agent's front door was open, but nobody answered when he

21  rang the doorbell.  Keshishian Decl. ¶ 5, Exhibit B – Declaration of Process Server Juan

22  de los Santos ("de los Santos Decl.") ¶¶ 5-6.

23  On March 20, 2017, the Process Server made another attempt but was again unable

24  to gain entry to the apartment building.  Keshishian Decl. ¶ 5, Exhibit B – de los Santos

25  Decl. ¶ 7.

26  On March 21, 2017, the Process Server made an additional unsuccessful attempt to

27  personally serve the designated agent.  The Process Server was able to enter the building

28  once more, knocked on the agent's door, and waited for about 20 minutes, but nobody

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

**PLAINTIFF'S MOTION TO CONTINUE SERVICE DEADLINE
AND AUTHORIZE ALTERNATE SERVICE**

1  answered.  Keshishian Decl. ¶ 5, Exhibit B – de los Santos Decl. ¶ 8.  The Process Server

2  was, however, able to identify the resident list and confirm that the agent was currently

3  occupying that apartment.  *Id*.

4  On March 29, 2017, the Process Server made another attempt but was again unable

5  to gain entry to the apartment building.  Keshishian Decl. ¶ 5, Exhibit B – de los Santos

6  Decl. ¶ 9.

7  Also on March 29, 2017, LA Gem attempted service of the Summons and

8  Complaint, and accompanying documents, via Certified Mail—Return Receipt

9  Requested, to Defendant's business/residential address.  The documents were returned

10  unclaimed, and Defendant failed to appear or otherwise respond to the Complaint.

11  Keshishian Decl. ¶ 6, Exhibit C – March 29, 2017 Cover Letter to Defendant.

12  On April 4, 2017, the Process Server made two additional attempts to serve the

13  designated agent and spoke to other residents of the building to confirm that the agent

14  still lives at the address.  He gained entry to the building on the second attempt, knocked

15  on the agent's door, and waited 10 minutes, but nobody answered.  Keshishian Decl. ¶ 5,

16  Exhibit B – de los Santos Decl. ¶¶ 10-11.

17  LA Gem's Process Server made two more attempts on April 8 and April 12, 2017,

18  but each time the designated agent did not answer the intercom and the Process Server

19  was unable to enter the building.  Keshishian Decl. ¶ 5, Exhibit B – de los Santos Decl.

20  ¶¶ 12-13.

21  On April 21, 2017, LA Gem followed up with Mr. Smith via email:

22

23  I did not hear back from you regarding accepting service on behalf of your
    client Beth Macri Designs, LLC, thus we attempted to serve her personally

24  and via US Mail.  Ms. Macri has been dodging personal service and has

25  rejected delivery of the U.S. Mail service.

26

27  Please confirm by 5:00 p.m. (PST) on April 24, 2017 if you will accept
    service of the summons and complaint for your client.

28

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

-3-
**PLAINTIFF'S MOTION TO CONTINUE SERVICE DEADLINE
AND AUTHORIZE ALTERNATE SERVICE**

1    Keshishian Decl. ¶ 7, Exhibit D – April 21, 2017 Email to Smith.  Mr. Smith, despite

2    listing himself as the individual to receive counter-notifications, has not responded.

3        Despite Plaintiff's diligent attempts, Defendant cannot be served through

4    traditional methods of service, and Defendant has failed to appear or otherwise respond to

5    the Complaint.  Keshishian Decl. ¶ 8.  Based on the foregoing, LA Gem seeks an order

6    allowing service of the Summons and Complaint via email service on Defendant, with

7    confirmation via Certified Mail and email to Defendant's known counsel, Garrett M.

8    Smith at Hoffman Warnick LLC.

9

10   **II.    LEGAL ARGUMENT**

11        **A. The Time to Serve Defendants Should Be Extended**

12        LA Gem has endeavored to personally serve the Defendant in this action because

13   the primary concern has been to enjoin Defendant's unfair competition through its invalid

14   and fraudulently obtained trademark registration.  LA Gem's diligence in attempting

15   service, coupled with Defendant's possibly deliberate avoidance of service, warrant an

16   enlargement of time to serve them with the Summons and Complaint.  Federal Rule of

17   Civil Procedure 4(m) provides two avenues for relief.  First, upon a showing of good

18   cause, the Court must extend the time period.  Fed. R. Civ. P. 4(m); *Lemoge v. United*

19   *States*, 587 F.3d 1188, 1198 (9th Cir. 2009).  The second avenue is discretionary because

20   if good cause is not established, the district court may extend time for service upon a

21   showing of excusable neglect.  *Id.*  In making extension decisions under Rule 4(m), the

22   district court may consider such factors as "a statute of limitations bar, prejudice to the

23   defendant, actual notice of a lawsuit, and eventual service." *Efaw v. Williams*, 473 F.3d,

24   1038, 1041 (9th Cir. 2006).

25        Good cause exists because LA Gem encountered substantial difficulties in serving

26   the Defendant.  LA Gem attempted service on Defendant via Certified Mail – Returned

27   Receipt Requested, personal service, and service to Defendant's counsel, as outlined

28   above.

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

-4-

1    Good cause also exists because the Defendant will suffer no prejudice as a result of

2  the extension and the delay will not impact the judicial proceeding as LA Gem may

3  simply reassert the claims at issue in the event the complaint is dismissed without

4  prejudice.  In this case, there is no excusable neglect because LA Gem has acted in good

5  faith by being diligent in its attempts to serve the Defendant.  Keshishian Decl. ¶¶ 4-8,

6  Exs. A-D.  LA Gem is of the belief that Defendant is deliberately and intentionally

7  evading service of process.  Keshishian Decl. ¶ 8.  Thus, LA Gem requests leave of the

8  Court to serve the Defendant by email and to Defendant's counsel.

9    The current facts and circumstances necessitate the Court's intervention to allow

10  for delays in service of process upon Defendant in light of its ongoing purposeful evasion

11  of service of process.

### B. Alternative Service is Permissible and Reasonably Calculated to Apprise Defendant of this Action

13    Federal Rule of Civil Procedure 4(e) allows service, unless otherwise provided by

14  federal law, upon an individual within a judicial district of the United States pursuant to

15  the law of the state in which the district court is located.  The Advisory Committee Notes

16  accompanying the rule, as well as current case law, indicate this Court has wide latitude

17  to authorize whatever form of service fits the facts and circumstances of the case,

18  provided that the form of service is consistent with constitutional standards of due

19  process.  The method of service must be "reasonably calculated, under all the

20  circumstances, to apprise interested parties of the pendency of the action and afford them

21  an opportunity to present their objections."  *Mullane v. Central Hanover Bank & Trust*

22  *Co.*, 339 U.S. 306, 314 (1950).  A plaintiff is not required to attempt service by all

23  feasible alternatives.  *Rio Properties Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1016

24  (2002).  Trial courts have authorized a wide variety of alternative methods of service

25  including publication, ordinary mail, mail to the defendant's last known address, ***delivery***

26  ***to the defendant's attorney***, telex, and most recently, ***email***.  *See SEC v. Tome*, 833 F.2d

27  1086, 1094 (2d Cir. 1987) (condoning service of process by publication in the Int'l

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

**PLAINTIFF'S MOTION TO CONTINUE SERVICE DEADLINE
AND AUTHORIZE ALTERNATE SERVICE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

Herald Tribune); *Smith v. Islamic Emirate,* Nos. 01 Civ. 10132, 01 Civ. 10144, 2001 U.S. Dist. LEXIS 21712, at *5-13 (S.D.N.Y. Dec. 26, 2001) (authorizing service of process on terrorism impresario Osama bin Laden and al-Qaeda by publication); *Levin v. Ruby Trading Corp.*, 248 F. Supp. 537, 541-44 (S.D.N.Y. 1965) (employing service by ordinary mail); *Int'l Controls Corp. v. Vesco,* 593 F.2d 166, 176-78 (2d Cir. 1979) (approving service by mail to last known address); *Forum Fin. Group v. President & Fellows of Harvard College,* 199 F.R.D. 22, 23-24 (authorizing service to defendant's attorney); *New Eng. Merchs. Nat'l Bank v. Iran Power Generation & Transmission Co.,* 495 F. Supp. 73, 80 (S.D.N.Y. 1980) (allowing service by telex for Iranian defendants); *Broadfoot v. Diaz (In re Int'l Telemedia Assoc.),* 245 B.R. 713, 719-20 (Bankr. N.D. Ga. 2000*)* (authorizing service via email); see also Request for Judicial Notice EXHIBITS 1-2 (California Central District Orders authorizing LA Gem to serve via email).  A plaintiff need not have attempted every permissible means of service of process before petitioning the court for alternative relief but only demonstrate that the circumstances of the present case necessitate intervention.  *Rio Properties Inc.,* 284 F.3d at 1016.

The method of service must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 315 (1950).  Here, Defendant operates an online retail jewelry businesses through bethmacri.com; thus, Defendant conducts most of its business through electronic mail. Further, Defendant hired Garrett M. Smith as counsel to halt the sales of LA Gem's jewelry in this matter by issuing a takedown notice to Amazon and listing Mr. Smith as the contact for counter-notifications.  Service by email and through Defendant's counsel will satisfy the constitutional standards discussed below because it is reasonably calculated to give the Defendant actual notice of the lawsuit and an opportunity to present a defense.  Therefore, LA Gem should be allowed to serve the Complaint in the medium most used and most comfortable to the Defendant, namely email, and LA Gem would gladly confirm service by delivering electronic and physical copies of the Complaint to

-6-

**PLAINTIFF'S MOTION TO CONTINUE SERVICE DEADLINE
AND AUTHORIZE ALTERNATE SERVICE**

1 | Defendant's counsel.

### 1. The Alternative Form of Service Satisfies Constitutional Standards.

A method of service of process must comport with constitutional notions of due process. *Rio Properties Inc.,* 284 F.3d at 1015. The method of service must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane,* 339 U.S. at 314. The Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond. *Id.* This broad constitutional principle unshackles the federal courts from anachronistic methods of service and permits entry into the technological renaissance. *Rio Properties Inc.,* 284 F.3d at 1017.

> Courts . . . cannot be blind to changes and advances in technology. No longer do we live in a world where communications are conducted solely by mail carried by fast sailing clipper . . . ships. Electronic communication via satellite can and does provide instantaneous transmission of notice and information. No longer must process be mailed to a defendant's door when he can receive complete notice at an electronic terminal inside his very office, even when the door is steel and bolted shut. *New Eng. Merchs. Nat'l Bank,* 495 F. Supp. At 81.

Although communication via email and over the Internet is relatively new, such communication has been zealously embraced within the business community. *Rio Properties Inc.,* 284 F.3d at 1017. It is left to the discretion of the district court to balance the limitations of email service against its benefits in any particular case. *Id.* at 1018. *See, Mayoral-Amy v. BHI Corp.,* 180 F.R.D. 456, 460 (S.D. Fla. 1998). The Federal Rules are expressly designed to provide alternate means of service in just situations. *Vesco,* 593 F.2d at 175.

The Court in *Rio Properties* found that service of process by e-mail was not only

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

-7-

**PLAINTIFF'S MOTION TO CONTINUE SERVICE DEADLINE**
**AND AUTHORIZE ALTERNATE SERVICE**

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

1  proper, in that it was "reasonably calculated to apprise [Defendant] of the pendency of

2  the action and afford it an opportunity to respond," but was also the method of service

3  most likely to reach [Defendant]." *Rio Properties, Inc.*, 284 F.3d at 1017.  The Court

4  found this in light of the facts that the defendant conducted its business over the internet,

5  used electronic mail regularly in its business, and encouraged parties to contact it via

6  electronic mail.

7  The reality of today's technological world shows that email is a viable way of

8  serving a summons and complaint on a Defendant.  Defendant provided one method of

9  communication with their customers – **email only**.  Under these circumstances, an order

10  authorizing service by electronic mail on Defendant is justified and appropriate because

11  Defendant conducts business extensively, if not exclusively, through bethmacri.com and

12  corresponds regularly with customers via email.  Thus, LA Gem has shown that email

13  correspondence is likely to reach Defendant at customerservice@bethmacri.com.

14  Therefore, the circumstances warrant allowing LA Gem to serve the Complaint against

15  Defendant its preferred medium of communication, email.

16  Additionally, the Court may direct service of process on a Defendant's known

17  attorney where it appears that the attorney was authorized, either expressly or impliedly,

18  to receive service of process for the Defendant.  *United States v. Bosurgi*, 343 F. Supp.

19  815, 818 (S.D.N.Y. 1972); *Forum Fin. Group*, 199 F.R.D. at 24.  Here, Mr. Smith was

20  the very instrumentality through which Defendant performed the acts that are the subject

21  of the Complaint, demanding on Defendant's behalf that Amazon cease and desist sales

22  of LA Gem's jewelry.  It is beyond question that Mr. Smith was retained to deliver

23  correspondence in this matter, and such attorney-client relationship necessitates that Mr.

24  Smith would relay any response in the matter to his client.  Indeed, Mr. Smith has an

25  ethical duty to keep Defendant reasonably informed about the status of this matter.  NY

26  CLS Rules Prof Conduct R 1.4(a)(3).  Accordingly, the circumstances warrant allowing

27  LA Gem to serve the Complaint against Defendant through its counsel, Garrett M. Smith,

28  at his office at Hoffman Warnick LLC, 540 Broadway, Albany, NY 12207, as well as at

**PLAINTIFF'S MOTION TO CONTINUE SERVICE DEADLINE
AND AUTHORIZE ALTERNATE SERVICE**

1    his email at gsmith@hoffmanwarnick.com.

2

3    **III.    <u>CONCLUSION</u>**

4              Under the current facts and circumstances the Court should grant LA Gem's

5    motion for alternative service of the Summons and Complaint on Defendant and extend

6    the service deadline by sixty (60) days.  LA Gem respectfully requests that this Court

7    order that Defendant shall be served via email and through Defendant's counsel pursuant

8    to Cal. Code Civ. Proc. §§ 413.30 and 415.50, and Fed. R. Civ. Proc. Rule 4(e)(1)-(2).

9

10   Dated:  May 17, 2017                     Respectfully submitted,

11

12                                            **MILORD & ASSOCIATES, P.C.**
                                              /s/ Milord A. Keshishian
13                                            Milord A. Keshishian
                                              Attorney for Plaintiff
14                                            L.A. GEM & JEWELRY DESIGN, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

**PLAINTIFF'S MOTION TO CONTINUE SERVICE DEADLINE
AND AUTHORIZE ALTERNATE SERVICE**