# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA GEM & JEWELRY DESIGN, INC., a California Corporation dba LA ROCKS,<br><br>Plaintiff,<br><br>vs.<br><br>BETH MACRI DESIGNS LLC, a New York company; and DOES 1-10<br><br>Defendants. | Case No.: 2:17-cv-01750-PSG (GJSx)<br><br>District: Hon. Philip S. Gutierrez<br>Magistrate: Hon. Gail J. Standish<br><br>**ORDER BASED ON STIPULATION FOR PROTECTIVE ORDER**<br><br>**READ CAREFULLY – CHANGES MADE BY THE COURT** |
| AND COUNTER CLAIM | |
| BETH MACRI DESIGNS LLC, a New York Company;<br><br>Counter-complainant,<br><br>vs.<br><br>LA GEM & JEWELRY DESIGN, INC., a California Corporation dba LA ROCKS<br><br>Counter-defendants. | |

PURPOSES, LIMITATIONS, AND GOOD CAUSE STATEMENT

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

Plaintiff is in the business of manufacturing, marketing, and selling jewelry. Defendant designs and sells jewelry online and through authorized retailers. Because of the parties' status as competitors or potential competitors, business information such as supplier lists, customer lists, cost-of-goods sold, pricing, manufacturing agreements, and other, similar information are deemed by the parties to be confidential, and they agree such information should be protected from disclosure. They agree that with such highly sensitive information, safeguards are necessary to limit the disclosure of such information to opposing parties and/or other competitors in the market so as to avoid competitive harm.

1. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of*

*Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2. DEFINITIONS

    2.1    Action: this pending federal lawsuit, Case number 2:17-cv-01750-PSG-GJS.

    2.2    Challenging Party: a Party or Non-Party that challenges the designation of

information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement shall be referred to as "CONFIDENTIAL INFORMATION." CONFIDENTIAL INFORMATION may be designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," as follows:

(a) CONFIDENTIAL designation. A party or non-party may designate material CONFIDENTIAL only if it deems that a reasonable basis exists for limiting dissemination of the material under the standards of Rule 26 and that the material contains confidential and/or proprietary commercial information that is not generally available to the public.

(b) CONFIDENTIAL-ATTORNEYS' EYES ONLY designation. A party or non-party may only designate material CONFIDENTIAL-ATTORNEYS' EYES ONLY if it deems that disclosure of such material to another person or party would be injurious to the commercial interests of the designating entity under the standards of Rule 26 and that the material contains highly propriety technical or trade secret or business information so that the risk of improper use or disclosure to another party outweighs the right of that party to review such information. Information and material that may be subject to this protection includes, but is not limited to, technical and/or research and development data, intellectual property, financial, marketing and other sales data, and/or information having strategic commercial value pertaining to the Designating Party's trade of business.

2.4 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.11   Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   Receiving Party:  a Party that receives Disclosure or Discovery Material

from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3.1 CONFIDENTIAL INFORMATION which is subject to this Protective Order may be marked and used as trial exhibits by either party, subject to terms and conditions as imposed by the trial court upon application by the designating party.

4. DURATION

Once a case proceeds to trial, information that was designated as confidential or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See kamakana*, 447 f.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that

other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions

thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) any and all documents, information, or materials provided by a party for the purpose of settlement discussion prior to the entry of this Order by the Court shall be deemed CONFIDENTIAL-ATTORNEYS' EYES ONLY unless otherwise designated or agreed to, in writing, by the parties. Notwithstanding any other provisions of this Order, no such documents, information, or materials may be disclosed, shared, or otherwise used during any part of this case unless introduced again by the same providing party under this Order.  Any challenge to a confidentiality designation shall be in accordance with Section 6 of this Order.

(c) <u>Interrogatory Answers</u>**.** If a party answering an interrogatory believes in good faith under the criteria set forth in Paragraph 2.3 above that its answer contains CONFIDENTIAL INFORMATION, it shall set forth its answer in a separate document that is produced and designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY in the same manner as a produced document under subparagraph 5.2.(a).  The answers to interrogatories should make reference to the separately produced document containing the answer, but such document should not be attached to the interrogatories.

(d) <u>Deposition Transcripts</u>. Portions of testimony taken at a deposition or conference and any corresponding exhibits may be designated as CONFIDENTIAL or CONFIDENTIAL–ATTORNEYS' EYES ONLY by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter transcribing such proceeding to separately bind such portions of the transcript containing information designated as CONFIDENTIAL or CONFIDENTIAL–ATTORNEYS' EYES ONLY and label such

portions appropriately.  For convenience, if a deposition transcript contains repeated references to CONFIDENTIAL INFORMATION which cannot conveniently be segregated from non-CONFIDENTIAL INFORMATION, the entire transcript may be marked by the reporter as CONFIDENTIAL or CONFIDENTIAL–ATTORNEYS' EYES ONLY.

  A party may also designate information disclosed at a deposition as CONFIDENTIAL and/or CONFIDENTIAL-ATTORNEYS' EYES ONLY by notifying all parties in writing, within 30 days of receipt of the transcript, of the specific pages and lines designated as such.  Each party shall attach a copy of such written statement to the face of each transcript in its possession, custody or control.  For 30 days after receipt of the transcript, depositions shall be treated as CONFIDENTIAL-ATTORNEYS' EYES ONLY, but after that period any portions not designated as CONFIDENTIAL and/or CONFIDENTIAL-ATTORNEYS' EYES ONLY may be disclosed.

    (e) <u>Multi-page Documents</u>.  A party may designate all pages of an integrated, multi-page document, including a deposition transcript, interrogatory answers, and/or responses to document requests, as CONFIDENTIAL INFORMATION by placing the label specified in subparagraph 2.3 on the first page of the document.  If a party wishes to designate only certain portions of an integrated, multi-page document as CONFIDENTIAL INFORMATION, it should designate such portions immediately below the label on the first page of the document and place the label specified in subparagraph 2.3 on each page of the document containing CONFIDENTIAL INFORMATION.

    (f) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the parties and officers, directors, members and employees (including House Counsel) of the parties, but only to the extent necessary to participate in, assist in and monitor the progress of this Action and for no other purpose;

(b)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(c)     the court and its personnel;

(d)     court reporters and their staff;

(e)     consultants or experts and their staff who are employed for the purposes of this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     the author, addresses and recipients of a documents containing the information who would have had access to such information by virtue of his/her employment, or a custodian or other person who otherwise possessed or knew the information; and for whom disclosure is reasonably necessary,

(g)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

(i) outside counsel for the parties to this litigation and/or the insurance carriers for the parties to the litigation, including persons working solely in secretarial, clerical, and paralegal capacities, and who are providing assistance to counsel in this Action, and/or claims representatives and/or claims adjustors, upon the condition that such CONFIDENTIAL INFORMATION not be used in policy issuance determinations, or for any other reason outside of the instant litigation, and be destroyed in accordance with the insurance carrier's document retention policy;

(j) third-parties specifically retained to assist outside counsel in copying, imaging, and/or coding of documents but for that purpose only, provided that all such confidential documents are kept and maintained in a separate and secure place and that the third party retained to copy, image, or code confidential documents is not currently performing any services, either as an employee, consultant, or otherwise for any competitor of either party to this Action or for one having any interest adverse to either party to this Action; and

(k) any other person as to whom the parties previously agree in writing.

7.3 Disclosure of CONFIDENTIAL – ATTORNEYS' EYES ONLY Material. Material or documents designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY may be shown to the persons listed in Sections 7.2(b) through (k).

7.4 Use of CONFIDENTIAL INFORMATION. Individuals who are authorized to review CONFIDENTIAL INFORMATION pursuant to this Protective Order shall hold the CONFIDENTIAL INFORMATION and its contents in confidence and shall not divulge it, either verbally or in writing, except as expressly permitted by this Protective Order, unless authorized to do so by a further order of this Court or as specifically required by law.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies

and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

      (b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

      (1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

      (2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

      (3)     make the information requested available for inspection by the Non-Party, if requested.

      (c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

In the event of disclosure of CONFIDENTIAL INFORMATION other than as authorized in this Protective Order, counsel for the party responsible for the disclosure shall (a) notify in writing the Designating Party of the unauthorized disclosures, (b) make every effort to prevent further disclosure, including using its best efforts to retrieve all

unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.  Upon written stipulation or motion, in accordance with Local Rule 37, the Court may order such further and additional relief as it deems necessary and just.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. <u>MISCELLANEOUS</u>

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   This Protective Order shall be without prejudice to the right of any party:

(a) to request re-designation of material as CONFIDENTIAL, CONFIDENTIAL–ATTORNEYS' EYES ONLY, or neither;

(b) upon written stipulation, in accordance with Local Rule 37, to request the Court's ruling on whether a document or information is CONFIDENTIAL, CONFIDENTIAL–ATTORNEYS' EYES ONLY Material, or whether its use should be restricted;

(c) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any document or information, including restrictions differing from those specified herein. Any challenge to a confidentiality designation shall be initiated pursuant to Local Rule 37 and the procedures of the Magistrate Judge, and the burden of persuasion in any such challenge shall be on the party who designated the material as CONFIDENTIAL or CONFIDENTIAL–ATTORNEYS' EYES ONLY.

The Protective Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Protective Order.

12.4 Filing Protected Material. A party intending to use CONFIDENTIAL INFORMATION (or documents containing CONFIDENTIAL INFORMATION) in a court filing shall follow the procedures set forth in Local Civil Rule 79-5, seeking to file the material under seal. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court. The parties agree that exhibits provided to any jury impaneled in this Action shall be provided without the CONFIDENTIAL or CONFIDENTIAL–ATTORNEYS' EYES ONLY stamp.

12.5 Nothing herein shall impose any restriction on the use or disclosure by a party of material:

(a) obtained lawfully by a party hereto other than through discovery in this Action, from a person who, to the best of such party's knowledge, was not at the time such materials were obtained by such party under a duty (contractual or otherwise) to maintain such materials in confidence; and

(b) that is public knowledge or became public knowledge after disclosure under this Protective Order (other than through an act or omission or a person receiving material under this Protective Order).

12.6  Custody.  All Receiving Parties of CONFIDENTIAL material and information under this Protective Order shall maintain such material and information secured and shall exercise the same standard of care with respect to storage, custody, use and dissemination of the material as they exercise for their own proprietary information, but in no event shall the standard be less than that of a reasonable person.

13. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

//
//
//
//

14. <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: <u>April 20, 2018</u>

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *LA Gem & Jewelry Design, Inc. v. Beth Macri Designs LLC*, Case No. 2:17-CV-01750-PSG (GJSx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

    I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____


Signature: _____